**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Elevester TROTTER, Willie H. Dennis,
Defendants–Appellants.**

No. 03–15524

Non–Argument Calendar.

D.C. Docket No. 03–20211–CR–PAS.

United States Court of Appeals,
Eleventh Circuit.

Dec. 1, 2005.

Marisa Tinkler Mendez, Marisa Tinkler Mendez, P.A., Ivy. R. Ginsberg, Miami, FL, for Defendants–Appellants.

Laura Thomas Rivero, Anne R. Schultz, Eduardo I. Sanchez, U.S. Attorney's Office, Miami, FL, for Plaintiff-Appellee.

Before CARNES and COX, Circuit Judges, and STROM,* District Judge.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

PER CURIAM:

On January 13, 2005, we issued an unpublished decision, *United States v. Trotter*, 129 Fed.Appx. 597 (11th Cir.2005), affirming Elevester Trotter's conviction and sentence. This case is before us again on remand from the Supreme Court for further consideration in light of its decision in *Booker v. United States*, 453 U.S. 220, 125

---

* Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting

S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* does not require us to alter our prior decision in this case.

In his initial brief, Trotter did not raise any *Booker*-related issue. As we have explained, in a *Booker* remand case, "we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned." *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir.2001). Trotter's failure to raise the issue in his initial brief bars him from doing so now. *See United States v. Vanorden*, 414 F.3d 1321, 1323 (11th Cir.2005); *United States v. Dockery*, 401 F.3d 1261, 1262—63 (11th Cir.2005); *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir.2001). The instructions in the Supreme Court's remand order do not compel a different conclusion. *See Dockery*, 401 F.3d at 1262—63; *United States v. Ardley*, 273 F.3d 991, 994—96 (11th Cir.2001) (Carnes, J., joined by Black, Hull, and Marcus, JJ. concurring in the denial of rehearing en banc).

Accordingly, we reinstate our previous opinion in this case and affirm Trotter's conviction and sentence after reconsideration in light of *Booker*, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; AFFIRMED.**

by designation.